**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Spiver Whitney GORDON, Defendant–Appellant.**

**No. 85–7726.**

United States Court of Appeals, Eleventh Circuit.

Feb. 4, 1988.

---

Carlos A. Williams and J.L. Chestnut, Chestnut, Sanders, Sanders, Turner, & Williams, Birmingham, Ala., C. Lani Guinier and John Charles Boger, NAACP Legal Defense Fund, Morton Stavis, New York City, for defendant-appellant.

Frank W. Donaldson, U.S. Atty., John Ott, Asst. U.S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before RONEY, Chief Judge, JOHNSON, Circuit Judge, and ESCHBACH *, Senior Circuit Judge.

## ON PETITION FOR REHEARING

PER CURIAM:

On June 2, 1987, this Court held, *inter alia,* that there was sufficient evidence to support Spiver Whitney Gordon's convictions for mail fraud arising from the mailing of fraudulently marked absentee ballots. *United States v. Gordon,* 817 F.2d 1538 (11th Cir.1987). On June 24, 1987, the United States Supreme Court decided *McNally v. United States,* —— U.S. ——, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987), which significantly changed the law of federal mail fraud in this Circuit. On Gordon's

motion for rehearing, it is apparent that Gordon's mail fraud convictions are inconsistent with the holding in *McNally* and must be reversed.

In *McNally v. United States,* —— U.S. ——, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987), the Supreme Court held that the federal mail fraud statute, 18 U.S.C.A. § 1341, did not proscribe a scheme or artifice to defraud the citizenry of the "intangible" right to honest Government. The Court reviewed the history of the mail fraud statute and concluded that Congress intended to reach only those schemes involving the deprivation of money or property.

Since the fraud charges against Gordon did not involve the deprivation of money or property, his mail fraud convictions under 18 U.S.C.A. § 1341 would be invalid under *McNally.* Gordon was convicted on an indictment charging the use of the mails in furtherance of

> a scheme or artifice to defraud the electors and residents of Greene County, and the people of the State of Alabama, of a fair and impartial election process, free from the procurement, marking, casting, and tabulation of false, illegal, spurious and fraudulent absentee ballots in connection with the 1984 primary and run-off elections....

In prosecuting Gordon, the Government neither alleged nor attempted to prove that any person suffered a loss of money or property as a result of Gordon's actions, but rather relied exclusively on a deprivation of intangible rights.

The prior law in this Circuit, which was the consensus position among the courts of appeal, was contrary to the *McNally* holding. *See, e.g., United States v. O'Malley,* 707 F.2d 1240, 1246–48 (11th Cir.1983). *See also McNally,* 107 S.Ct. at 2882–85 nn. 1–4 (Stevens, J. dissenting).

Gordon's convictions were not final at the time *McNally* was rendered because our prior decision had remanded the case to the district court for an evidentiary hear-

---

\* Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

ing, and Gordon's time for filing a petition for *writ of certiorari* to the Supreme Court had not expired. Under *Griffith v. Kentucky,* —— U.S. ——, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987), it is clear that *McNally* should apply retroactively to this case. We take no position on the retroactive application of *McNally* to a conviction which had become final prior to that decision.

We requested the Government to respond to Gordon's petition for rehearing. It argues that the intangible right of citizens to fair elections necessarily implicates the citizens' property right to a meaningful vote in such elections. The Government's contention, in essence, is that mail fraud cases involving election fraud are a hybrid of the intangible and the tangible, and thus withstand scrutiny under *McNally*. The *McNally* opinion, however, cites *United States v. States,* 488 F.2d 761 (8th Cir. 1973), *cert. denied,* 417 U.S. 909, 94 S.Ct. 2605, 41 L.Ed.2d 212 (1974). *States,* like this case, involved a conviction under Section 1341 based on the mailing of fraudulent absentee ballots and involved no deprivation of money or property. The Court cited *States* as an example of a case employing the intangible rights doctrine and made no attempt to distinguish "voting" cases from other cases involving a deprivation of an intangible right. Based on this reference, the Supreme Court would seem to have repudiated the argument that election fraud cases involve more than an intangible right. Gordon's mail fraud convictions must be reversed.

Accordingly, that portion of our prior opinion relating to the validity of Gordon's mail fraud convictions is vacated and Gordon's convictions on two counts of violating 18 U.S.C.A. § 1341 are REVERSED. In all other respects this Court's prior opinion remains in full force and effect.

VACATED and REMANDED in part, and REVERSED in part.