[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11235
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cv-00520-CJK


JARVEY JACOBS, JR.,

Plaintiff-Appellant,

versus

WALTER GIELOW,
Lieutenant,
JEFFERSON DAVIS,
Sergeant,
KYLE HALL,
CO 1 Officer,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(December 29, 2015)

Before TJOFLAT, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Jarvey Jacobs, Jr., brought this action under 42 U.S.C. § 1983, claiming that on November 29, 2010, while he was an inmate at Santa Rosa Correctional Institution, a prison operated by the Florida Department of Corrections, he was subjected to excessive force at the hands of several correctional officers, including Walter Gielow, Jefferson Davis and Kyle Hall, after he summoned Gielo and Davis to his cell and informed them that he was feeling suicidal. After Jacobs's motion for the appointment of counsel was denied, the parties joined issue, and Gielow, Davis and Hall moved the District Court for summary judgment. The court granted Gielow's motion, dismissing him from the case, and denied Davis's and Hall's motions. The parties thereafter consented to the disposition of the case by a Magistrate Judge.[1]

Jacobs's excessive force claim was tried to a jury. The jury found for Davis and Hall, and the Magistrate Judge directed the entry of judgment in their favor. Jacobs thereafter moved the court for a new trial, citing five grounds for relief. The court denied the motion in an order that listed the five grounds and addressed them sequentially. The part of the order pertaining to the motion for new trial appears as an appendix to this opinion. After the Magistrate Judge denied Jacobs's

---

[1] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

2

motion for new trial, Jacobs moved the court for leave to amend his motion for new trial.  The motion was denied.

Jacobs now appeals *pro se* the denial of his motion for new trial and motion for leave to amend the motion for new trial.  In his brief, he states: "Plaintiff's Motion for a New Trial is based on Five Issues:  Plaintiff now only appeals Issue # 3.  Plaintiff contends the Jurors were biased, did not examine or consider Plaintiff's evidence, and 'deliberated for an abnormal time period.'"  Appellant's Brief at 10; Appendix.  He contends that had he been given leave to amend his motion, he would have added a ground: "that the jury verdict was against the weight of the evidence."  Appellant's Brief at 10-11.  Notwithstanding that his brief says that he is only appealing the Magistrate Judge's ruling on issue # 3, the brief adds an argument not presented to the Magistrate Judge, "Point 2," that "[t]he Jury verdict was against the weight of the evidence in this case."  *Id.* at 12-13.

We review the "denial of a motion for new trial under the abuse of discretion standard."  *Brochu v. City of Riviera Beach*, 304 F.3d 1144, 1155 (11th Cir. 2002).  "A motion for a new trial may be granted if the district court judge believes the verdict rendered by the jury was contrary to the great weight of the evidence."  *Dudley v. Wal-Mart Stores, Inc.*, 166 F.3d 1317, 1320 n.3 (11th Cir. 1999).

We find no precedent to support Jacob's third ground as a basis for granting a new trial.  But assuming its validity, Jacobs's brief does not tell us why the

3

reason the Magistrate Judge gave for rejecting it is off base. We therefore affirm the Magistrate Judge's denial of a new trial on ground 3, and turn to the weight of the evidence issue.

There are five exceptions to the rule that we do not consider an issue not previously presented to the court below.

> First, an appellate court will consider an issue not raised in the district court if it involves a pure question of law, and if refusal to consider it would result in a miscarriage of justice. Second, the rule may be relaxed where the appellant raises an objection to an order which he had no opportunity to raise at the district court level. Third, the rule does not bar consideration by the appellate court in the first instance where the interest of substantial justice is at stake. Fourth, a federal appellate court is justified in resolving an issue not passed on below ... where the proper resolution is beyond any doubt. Finally, it may be appropriate to consider an issue first raised on appeal if that issue presents significant questions of general impact or of great public concern.

*Narey v. Dean*, 32 F.3d 1521, 1526-27 (11th Cir. 1994) (quoting *Dean Witter Reynolds, Inc. v. Fernandez,* 741 F.2d 355, 360–61 (11th Cir.1984) (footnotes and citations omitted). The only exception remotely applicable to the "weight of the evidence" issue Jacobs raises is the third exception, the notion being that a verdict that is against the great weight of the evidence implicates the interest of substantial justice. We find the exception inapplicable.

"Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied 'in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm.'" *Skrtich v.*

4

*Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002) (citations omitted) (alteration in original).  Several factors should be considered when determining whether force was applied maliciously and sadistically to cause harm, including: (1) the need for the application of force; (2) the relationship between the need for force and the amount of force used; (3) the threat reasonably perceived by the responsible officials; and (4) any efforts made to temper the severity of a forceful response.  *Id.* Inferences may be drawn from considering these factors as to whether the use of force could have been thought necessary.  *Id.* at 1300-01.

The testimony adduced at Jacobs's trial was plainly sufficient for a reasonable jury to conclude that Davis and Hall reasonably perceived that Jacobs presented an imminent threat, that he had to be controlled, and that the force Davis and Hall used to do that was reasonable.  In sum, the Magistrate Judge did not abuse his discretion in denying Jacobs's motion for new trial or his motion for leave to amend that motion.

AFFIRMED.

# APPENDIX

Motion for Retrial

FEDERAL RULE OF CIVIL PROCEDURE 59 provides that after a jury trial the court may, on motion, grant a new trial on all or some of the issues–and to any party–for any reason for which new trial has heretofore been granted in an action at law in federal court. Fed. R. Civ. Pro. 59(a)(1). "The Supreme Court has explained that a motion for new trial may be granted if based on a claim that (1) 'the verdict is against the weight of the evidence'; (2) 'the damages are excessive, or that, for other reasons, the trial was not fair to the party moving'; or (3) 'raise[s] questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury.'" *Registe v. Linkamerica Exp., Inc.*, No. 3:12-cv-1110-HES-JRK, 2015 WL 1288138 *5 (M.D. Fla. March 18, 2015) (*citing Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)).

Plaintiff requests a new trial based on five issues: (1) plaintiff claims he should have been appointed counsel due to his limited access to the law library, his lack of legal training and education, and the existence of credibility issues; (2) related to the appointment of counsel issue, plaintiff argues he had to cross examine witnesses without any legal training; (3) plaintiff contends the jurors were biased, did not examine or consider plaintiff's evidence, and deliberated for an "abnormal time period"; (4) plaintiff asserts defendants Hall and Davis, and witness Gielow broke the law by perjuring themselves and the court showed favoritism to these individuals by ignoring the law and justice; and (5) plaintiff claims he was not given time to select jurors or go over their questionnaires. (Doc. 231, p. 1-3).

The court finds the issues plaintiff raises do not constitute adequate grounds for a new trial. As to the appointment of counsel and cross examination issues, the court believes plaintiff is understating his ability to prosecute this case. Plaintiff capably presented his case to the jury, particularly on cross examination of defense witnesses. Although the trial did involve credibility issues, plaintiff effectively questioned witnesses and identified possible inconsistencies between their testimony and other evidence. Plaintiff was articulate both in his testimony and in arguing matters to the court and jury. The fact the jury ultimately credited the defendants' version of events does not suggest plaintiff's performance was so deficient as to require the appointment of counsel and a retrial. Similarly, the claim that Hall, Davis, and Gielow committed perjury while testifying is left for the jury's consideration.  The parties introduced evidence from which a reasonable jury

6

could return a verdictfor the defendants. In such a case, the court cannot overturn the jury's resolution of credibility and factual issues. Plaintiff's conclusory allegation of juror bias also does not establish the necessity of a new trial. Plaintiff does not provide any factual support for his claim of bias and, as noted above, there was sufficient evidence presented to the jury to find for the defendants. The record will affirmatively reflect that both the Deputy Clerk and the undersigned assisted plaintiff in preparing, marking, and presenting his exhibits. Finally, plaintiff claims he was given insufficient time to select jurors or review their questionnaires. At trial, however, plaintiff did not indicate that he required more time to perform these activities or was otherwise uncomfortable with how the selection of the jury was proceeding. Thus, none of the issues plaintiff raises, singly or in combination, demonstrate the need for a new trial.