[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
06/16/99
THOMAS K. KAHN
CLERK

No. 97-2700

D. C. Docket No. 96-510-CIV-T-23B

JAMES McCULLAGH, LORETTA J. VARVEL, et al.,

Plaintiffs-Counter-Defendants-
Appellees-Cross-Appellants,

versus

DEAN WITTER REYNOLDS, INC.,

Defendant-Counter-Claimant-
Appellant-Cross-Appellee.

No. 97-2701

D. C. Docket No. 96-2498-CIV-T-23B

VERA M. BABICZ, ALBERT DiSALLE, et al.,

Plaintiffs-Counter-Defendants-Appellees,

versus

DEAN WITTER REYNOLDS, INC.,

Defendant-Counter-Claimant-Appellant.

Appeals from the United States District Court
for the Middle District of Florida

(June 16, 1999)

Before TJOFLAT, BARKETT and MARCUS, Circuit Judges.

TJOFLAT, Circuit Judge:

Appellant Dean Witter Reynolds, Inc., is a member of the American Stock Exchange ("AMEX"). A provision in the AMEX Constitution requires AMEX members, upon the request of a customer, to submit to binding arbitration before the American Arbitration Association ("AAA").

The appellees are disgruntled customers of Dean Witter who, pursuant to the above provision, filed complaints against Dean Witter with the AAA. Concurrent with their AAA filings, the appellees also filed two lawsuits – the "McCullagh" suit, which had three plaintiffs, and the "Babicz" suit, which had sixteen plaintiffs – against Dean Witter in the United States District Court for the Middle District of Florida.[1] Both suits sought to compel arbitration.[2] See 9 U.S.C. § 4 (1994). Dean Witter conceded that it was required to arbitrate,[3] but in each suit filed a counterclaim seeking a declaratory judgment that the AMEX Constitution requires that the arbitration take place in New York City. The appellees, in response, argued that the venue for the arbitrations should be determined by the AAA in accordance with its ususal procedures.

Dean Witter moved for summary judgment on its counterclaim in the McCullagh case. The district court denied the motion, and entered an order compelling arbitration. Dean Witter appeals

---

[1] The two cases have been consolidated on appeal.

[2] The initial complaints sought declaratory relief, but were in essence actions to compel arbitration. Later in the suits, the appellees formally moved to compel arbitration and implicitly withdrew their request for declaratory relief.

[3] The parties have stipulated – and we therefore assume without deciding – that the AMEX Constitution gives customers of AMEX members the right to compel arbitration. See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Georgiadis, 903 F.2d 109, 113 (2d Cir. 1990) (holding that "the arbitration rules of an exchange are sufficient to compel arbitration" by a customer).

the denial of its motion for summary judgment.[4] We review the denial of declaratory relief for an abuse of discretion. See Old Republic Union Ins. Co. v. Tillis Trucking Co., 124 F.3d 1258, 1260 (11th Cir. 1997).

This case turns on the interpretation of the AMEX Constitution, which states that "the customer may elect to arbitrate before the American Arbitration Association in the City of New York." Specifically, the parties dispute whether the phrase "in the City of New York" modifies "American Arbitration Association" (and thus explains where the AAA is headquartered) or "arbitrate" (and thus explains where the arbitration is to take place). Looking solely at the plain language of the provision, either interpretation is plausible. The former reading fits with the grammatical rule that modifiers should be placed next to that which they modify:[5] Because "in the City of New York" is placed next to "American Arbitration Association," that is presumably what

---

[4] In the Babicz case, Dean Witter never moved for summary judgment; the district court simply granted the plaintiffs' motion to compel arbitration without formally deciding Dean Witter's counterclaim. In so doing, the district court implicitly denied Dean Witter's request for declaratory relief. It is this sub silentio ruling that Dean Witter appeals in the Babicz case.

Dean Witter argues on appeal that the district court lacked the statutory authority to compel arbitration: The AMEX Constitution requires that the arbitration take place in New York City, but the Federal Arbitration Act allows a district court to compel arbitration only in the district in which it sits. This argument was not raised below; instead, Dean Witter's only response to the motions to compel arbitration was that, because it was ready and willing to arbitrate, no order compelling arbitration was necessary. Consequently, we do not need to address this new argument on appeal. See Dudley v. Wal-Mart Stores, Inc., 166 F.3d 1317, 1323 n.9 (11th Cir. 1999) In any event, the argument fails because, as we will discuss, the AMEX Constitution does not require the arbitration to take place in New York City.

[5] We have previously expressed this grammatical rule in legal terms as the "doctrine of the last antecedent." See Quindlen v. Prudential Ins. Co. of Am., 482 F.2d 876, 878 (5th Cir. 1973). (In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.)

3

it was intended to modify.[6] See William Strunk, Jr., & E.B. White, The Elements of Style 28-31 (3d ed. 1979). This reading is bolstered by the fact that the AAA is actually headquartered in New York City. The latter reading fits with the interpretative rule that, among alternative readings, the one that does not render any portion superfluous is to be preferred: There is only one AAA (and pinpointing its location is therefore superfluous), but there are numerous places in which an arbitration before the AAA could take place. See PaineWebber, Inc. v. Rutherford, 903 F.2d 106, 109 (2d Cir. 1990).

When we turn to logic and common sense, however, we find that the appellees' reading of the provision is clearly superior. What possible reason could there be for AMEX to require every dispute between a member and a customer to be arbitrated in New York City? Dean Witter has not provided a reason, and we cannot think of one. Under Dean Witter's reading of the provision, if an individual in Los Angeles wishes to arbitrate a dispute with an AMEX member headquartered in Los Angeles, and all of the relevant witnesses and documents are in Los Angeles, the arbitration nevertheless must take place in New York. This is an incredibly inefficient result that would benefit none of the parties involved; it is hard for us to imagine that AMEX would have placed a provision in its constitution that would necessarily lead to such a result. In any event, it would be highly illogical for AMEX to confer a benefit on customers, but then (in the same sentence) severely curtail that benefit.

Finally, AMEX's own interpretation of the provision further supports the appellees' reading. The AMEX Constitution is solely the product of AMEX; consequently, AMEX is the best source of information regarding the intended meaning of the disputed provision. See Intercontinental

---

**[6]** If Dean Witter's proposed reading is correct, the sentence should have read, "the customer may elect to arbitrate in the City of New York before the American Arbitration Association."

4

Indus., Inc., v. American Stock Exchange, 452 F.2d 935, 940 (5th Cir. 1971) (stating that AMEX "should be allowed broad discretion in the determination of [the] meaning and application" of its own rules). AMEX has spoken to the matter as follows:

> [AMEX] has interpreted the words "in the City of New York" as referring merely to the fact that the AAA is headquartered in New York City. This reference is not viewed by [AMEX] as a venue-setting provision, nor as a limitation on the right to have an arbitration submitted to the AAA conducted in any of the various locations outside New York City where the AAA has regional offices or otherwise may choose to allow an arbitration to proceed. Once a matter is before the AAA, any questions regarding the administration of the proceeding, including the location of the hearing, should be resolved pursuant to the AAA's own rules and procedures.

Self-Regulatory Organizations, Exchange Act Release No. 34-27,459, 54 Fed. Reg. 49,374, 49,375 (Nov. 30, 1989). AMEX officials, in a deposition taken in this case, have confirmed that AMEX still holds to this view.

We thus conclude that the appellees' reading of the disputed provision – that "in the City of New York" modifies "American Arbitration Association" rather than "arbitrate" – is best. We note, however, that even if Dean Witter's reading of the provision were correct, the district court may still have been within its discretion in denying declaratory relief. If the AMEX Constitution actually contained a venue-selection provision, Dean Witter could raise that fact before the arbitrators. The arbitrators would presumably enforce the venue-selection clause in precisely the same way that a court would. See Prudential Securities, Inc. v. Thomas, 793 F. Supp. 764, 767-68 (W.D. Tenn. 1992). Consequently, declaratory relief would be unnecessary, and the district court would be within its discretion in denying it.

The district court therefore did not abuse its discretion in denying Dean Witter's claims for declaratory relief. Accordingly, the judgments of the district court are

AFFIRMED.[7]

---

[7] The appellees in the McCullagh case have cross-appealed, claiming that the district court abused its discretion by not allowing further discovery prior to ruling on Dean Witter's motion for summary judgment.  In light of our disposition of Dean Witter's appeal, the cross-appeal is moot.