# United States Court of Appeals
## For the First Circuit

No. 02-2032

SHAW'S SUPERMARKETS, INC.,

Plaintiff, Appellant,

v.

UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 791, AFL-CIO,

Defendant, Appellee.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

[Hon. Edward F. Harrington, Senior U.S. District Judge]

Before

Lynch, Circuit Judge,
Bownes, Senior Circuit Judge, and
Howard, Circuit Judge.

David E. Watson, Nancy A. McGuire, Thomas W. Colomb, and
Nutter McClennen & Fish LLP on brief for appellant.

Betsy Ehrenberg and Pyle, Rome, Lichten & Ehrenberg, P.C. on
brief for appellee.

March 6, 2003

**LYNCH**, **Circuit Judge**.  United Food & Commercial Workers Union, Local 791 ("the Union") pursued like grievances under three separate contracts for three Shaw's Supermarkets, Inc. regions and then brought them to American Arbitration Association ("AAA") arbitration, asking for a single consolidated proceeding.  Shaw's objected to the proposed consolidation and brought a federal action for a declaratory judgment that, as a matter of law, a party is prohibited from unilaterally consolidating grievances under multiple contracts into a single arbitration.  Shaw's characterization of the question, though, is imprecise, as it would be up to the arbitrator, not the Union, whether to consolidate. Shaw's theory apparently was that the Union could not even ask for consolidation.

The district court declined to enter the declaratory judgment sought by Shaw's; instead, it entered summary judgment for Local 791, holding the question of consolidation was a procedural issue for the arbitrator to decide.  Shaw's appeals from the dismissal of its case.  We affirm.

I.

Local 791 and Shaw's have signed three collective bargaining agreements ("CBAs") governing workers in stores and warehouses in southeastern Massachusetts, Rhode Island, and Maine. Each CBA provides for arbitration as the fourth and final step of a multi-part grievance process.  In May and June 2001, the Union

submitted three grievances, one under each CBA, protesting a new company-wide Shaw's policy concerning leaves granted to members of the Union's negotiating committee. The Union requested that the AAA consolidate the three grievances because they challenged the same policy; Shaw's objected. Shaw's filed suit seeking a declaration as well as partial summary judgment from the district court that the Union, by seeking consolidation, had violated Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (2000). The Union filed a cross-motion for summary judgment.

The district court denied Shaw's motion, granted the Union's motion, and ordered Shaw's to arbitrate the grievances. It relied on cases permitting consolidation of arbitrations from multiple grievances under one contract. See, e.g., Avon Prods. Inc. v. UAW, Local 710, 386 F.2d 651, 658-59 (8th Cir. 1967) (it is up to the arbitrator, not the courts, to determine whether consolidated grievances presented by the union are to be resolved in single or multiple proceedings). Shaw's says this precedent should not apply where the consolidation involves grievances under multiple contracts.

Shaw's appeals, arguing that consolidation is an issue of substantive arbitrability, and not merely a procedural matter, because it raises the question of whether the CBA empowers an arbitrator to act in a given situation. Ironically, Shaw's relies on a 1947 arbitrator's decision, In re Fairchild Engine & Airplane

<u>Corp.</u>, 7 Lab. Arb. Reports 112 (1941), where the arbitrator, and not a court, made that determination.

Shaw's also contends that the Union violated Section 301 by unilaterally demanding that the AAA process three grievances in one proceeding, over Shaw's objection. Shaw's argues that if this court determines the issue of consolidation is not a procedural matter, it should reach the Section 301 issue. It supports its argument that Section 301 is violated by saying that each of the three contracts in question refers to "this agreement" and so they may not be read to permit consolidation.

Shaw's stated objection is that it should not be obliged to arbitrate cross-contract, and that consolidation will give the Union an unfair advantage. Shaw's says that consolidation is contrary to the inviolability and integrity of the bargaining unit. Why this should be so is not self-evident. Indeed, Shaw's agreed to some consolidation on an earlier occasion.[1]

The Union asserts that there is a common question underlying all three grievances. The common question relates to a new company-wide policy requiring employees who are members of the

---

[1]    Once before, the Union sought to consolidate for hearing three grievances under three contracts challenging a company-wide policy (concerning administration of Family and Medical Leave Act leave). Shaw's consented to consolidated arbitration of two, but not of the third. Shaw's asked the arbitrator to rule on whether the three could be consolidated; the arbitrator consolidated the proceeding.

negotiating committees to take a leave of absence for the duration of contract negotiations, rather than allowing them to take individual days off, which was the prior practice. The Union points out that the same company official was present for the negotiation of all three contracts and one company representative answered all three grievances at issue.

After Shaw's objected to consolidating the grievances and refused to participate in processing them, the AAA notified both sides that it would continue to administer the case as submitted by the Union unless it was advised to the contrary by both parties or enjoined by a court of proper jurisdiction. No arbitrator has yet considered the merits of Shaw's objections to the consolidation, and there appears to be nothing to stop Shaw's from raising the issue of consolidation at arbitration.

II.

Because this appeal presents a question of law, appellate review is plenary. See PaineWebber Inc. v. Elahi, 87 F.3d 589, 592 (1st Cir. 1996) (determination of arbitrability depends on contract interpretation which is a matter of law).

The issue before us is who should make the determination as to whether to consolidate the three grievances into a single arbitration: the arbitrator or a federal court. Since each of the three grievances is itself concededly arbitrable, we think the answer is clear. Under Howsam v. Dean Witter Reynolds, Inc., 123

S. Ct. 588 (2002), this is a procedural matter for the arbitrator. In <u>John Wiley & Sons, Inc.</u> v. <u>Livingston</u>, 376 U.S. 543, 557-58 (1964), the Court distinguished between questions of arbitrability, which are committed to the courts, and questions of procedure, which should be left to the arbitrator, even if they "grow out of the dispute and bear upon its final disposition." <u>Howsam</u> clarifies the distinction between arbitrability and procedural questions, emphasizing the broad scope of the latter. It rejects the argument that this type of issue is a "question of arbitrability" and holds:

> The Court's case law, however, makes clear that, for purposes of applying the interpretive rule, the phrase 'question of arbitrability' has a far more limited scope. The Court has found the phrase applicable in the kind of narrow circumstance where contracting parties would likely have expected a court to have decided the gateway matter, where they are not likely to have thought that they had agreed that an arbitrator would do so, and, consequently, where reference of the gateway dispute to the court avoids the risk of forcing parties to arbitrate a matter that they may well not have agreed to arbitrate.

<u>Id.</u> at 592 (citation omitted). There is no evidence in the CBAs here that the parties did not expect their disputes regarding matters such as consolidation to be resolved through arbitration.

The analysis in <u>Howsam</u> is consistent with our decision in <u>PaineWebber</u>: "We believe that parties who have agreed to arbitrate a given subject most likely intend and expect that the arbitrator should resolve all issues that arise concerning that subject; if they do not, we think they would clearly express their contrary intent." 87 F.3d at 599. We concluded,

-6-

> [T]he signing of a valid agreement to arbitrate the merits of the subject matter in dispute presumptively pushes the parties across the 'arbitrability' threshold; we will then presume that other issues relating to the substance of the dispute or the procedures of arbitration are for the arbitrator.

Id. Here, the parties have crossed the arbitrability threshold by signing valid agreements to arbitrate the subject matter of the dispute. Under the three CBAs, each of the grievances individually is arbitrable. As such, the facts in this case are unlike those in John Wiley, which left to a court to decide whether the parties had agreed to arbitrate at all after a merger had subsumed the original employer into a larger corporation. In the present case, Shaw's is the original signatory and, through the CBA, has committed to resolving such disputes through arbitration.

Leaving the decision whether to consolidate the three proceedings in the hands of the arbitrator comports with long-standing precedent resolving ambiguities regarding the scope of arbitration in favor of arbitrability. "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 62 n.8 (1995) (quoting Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983)).

It is true that a procedural ruling may implicate substantive matters. See Howsam, 123 S. Ct. at 592. But the

-7-

arbitrator plainly has jurisdiction over each grievance, and has the duty to consider each grievance in light of the language of the pertinent CBA and any other relevant factors.  The arguments Shaw's makes against consolidation are ones which it should present to the arbitrator.  See, e.g., Bechtel Constr., Inc. v. Laborers' Int'l Union, 812 F.2d 750, 753-54 (1st Cir. 1987) (district court properly decided that company's defenses are a matter for consideration by the arbitrator, not the courts).  Now it is time to end this year-long sojourn in our federal courts.  Procedural matters are committed to the arbitrator, in part, in order to avoid such delay.  See John Wiley, 376 U.S. at 558.

The judgment of the district court is **affirmed**.  Costs are awarded to the Union.