# United States Court of Appeals

## For the First Circuit

No. 04-1124

RICHARD C. YOUNG & CO., LTD.,

Plaintiff, Appellant,

v.

MORRIS LEVENTHAL, D.D.S., M.S.,
Individually and as Trustee of the
Leventhal Family Revocable Trust;
JUDITH LEVENTHAL, as Trustee of the
Leventhal Family Revocable Trust,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Robert E. Keeton, U.S. District Judge]

Before

Boudin, Chief Judge,
Lynch, Circuit Judge,
and Schwarzer,[*] Senior District Judge.

Vincent L. DiCianni, with whom Michael Unger and Nur-ul-Haq and Rubin and Rudman LLP were on brief, for appellant.
Angela H. Magary, with whom John E. Sutherland and Brickley, Sears & Sorett, P.A. were on brief, for appellee.

October 28, 2004

---

[*]Of the Northern District of California, sitting by designation.

**SCHWARZER**, <u>**Senior District Judge**</u>.   Plaintiff Richard C. Young & Co., Ltd., brought this action against Dr. Morris Leventhal and Judith Leventhal for a declaration that the parties' investment and trust management agreements required arbitration under them to be held in Boston.   Young also sought an injunction against the arbitration initiated by the Leventhals against Young in California.   The District Court enjoined the California arbitration but declined the requested declaration and, instead, ordered the Leventhals to submit the dispute to the American Arbitration Association (AAA) in Boston.   Young appeals the District Court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Young is a Rhode Island corporation registered as an investment advisor with the United States Securities and Exchange Commission with its principal office in Newport, Rhode Island. Dr. Morris Leventhal and his wife, Judith Leventhal, are clients of Young residing in Ventura, California.   Both Leventhals serve as trustees of the Leventhal Family Revocable Trust.

Dr. Leventhal has employed Young's services for over ten years.   In March of 2002, he executed an investment management agreement with Young.   In May of 2002, the Leventhals executed a trust management agreement.   Both agreements contained the following arbitration clause:

> **Arbitration.** In the event of any disagreement between us in connection with this Agreement we will meet in good faith to attempt to resolve such disagreement. <u>If we are unable to</u>

-2-

<u>resolve the disagreement</u> within 30 days after receipt of written notice by either party from the other that such a disagreement exists, <u>the disagreement will be submitted for arbitration to the American Arbitration Association in Boston, Massachusetts</u>, in accordance with the Rules of Commercial Arbitration of the Association. There is no obligation to arbitrate changes in or additions to the terms of this Agreement, and no arbitrator will have the power to add to or subtract from the terms of this Agreement. Each of us will bear his own costs. Judgment may be entered in any court within the State of Rhode Island. (Emphasis added.)

At some point after executing the agreements, Dr. Leventhal took exception to Young's handling of his trust management account. He wrote a notice of claim letter to Young in an attempt to resolve his dispute in accordance with the arbitration clause, followed by a second letter. On February 3, 2003, he instituted an arbitration proceeding against Young with the AAA in California.

Upon receipt of notice of the arbitration claim, Young objected to the arbitration being held in California. AAA in California requested and received submissions regarding determination of the locale and concluded that the arbitration should go forward in California. Because of the pendency of this action, commencement of the arbitration was deferred.

Young then brought this action in the District Court, contending that the language of the arbitration clause emphasized above was a forum selection clause requiring any arbitration to be held in Boston. The District Court rejected this interpretation,

holding that the clause did not require the Leventhals to arbitrate in Boston, but did require them to submit the request for arbitration to the Boston office of the AAA. It enjoined further proceedings in California and compelled the Leventhals to submit the arbitration request to the AAA in Boston. Young then appealed to this court.

At oral argument counsel advised the court that while the appeal had been pending the Leventhals submitted their dispute to the AAA in Boston as required by the agreement. The AAA requested the parties to provide information and their reasons with respect to the location of the arbitration and then determined that the arbitration should be heard in California.

**DISCUSSION**

**I.   SUBJECT MATTER JURISDICTION**

The Leventhals challenge the court's subject matter jurisdiction. Young invoked diversity jurisdiction.  28 U.S.C. § 1332(a).  The Leventhals dispute that the amount in controversy exceeds $75,000, arguing that the statute prohibits including interest and costs in the calculation. The District Court rejected the argument.  It found the amount in controversy in the arbitration to be $59,703.56, plus interest.  In addition, the court included the costs that Young would incur as a result of arbitrating in California, i.e., the incremental costs it would incur if relief were denied in this action, amounting to $30,000. Courts have repeatedly held that the value of the matter in

controversy is measured not by the monetary judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those involved in the litigation. Duderwicz v. Sweetwater Savings Assoc., 595 F.2d 1008, 1014 (5th Cir. 1979); Beacon Constr. Co. v. Matco Elec. Co., 521 F.2d 392, 399 (2d Cir. 1975); Mass. State Pharmaceutical Ass'n v. Fed. Prescription Serv., 431 F.2d 130, 132 (8th Cir. 1970). Here, the object of the litigation was to avoid the additional costs Young would incur if the arbitration were held in California instead of Boston. Those costs are properly included in the calculation of the amount in controversy. See Hunt v. Wash. Apple Adver. Comm'n, 432 U.S. 333, 347 (1977) (stating that "[i]n actions seeking declaratory or injunctive relief it is well established that the amount in controversy is measured by the value of the object of the litigation"). We conclude that the District Court had subject matter jurisdiction.

## II.  THE MERITS

Because this appeal presents a question of law, appellate review is plenary. Shaw's Supermarkets v. United Food & Commercial Workers Union, Local 791, 321 F.3d 251, 253 (1st Cir. 2003).

The central issue raised by Young's appeal is whether the language of the arbitration clause emphasized above is a forum selection clause, requiring the arbitration to be held in Boston. The District Court rejected Young's contention, interpreting the clause as merely requiring the Leventhals to submit their dispute to the AAA in Boston. The court reasoned that the clause was

ambiguous and that the agreement, as a contract of adhesion, should be construed against Young.

At the threshold the court addressed the question of its power to interpret the forum selection clause. The court acknowledged that the recent Supreme Court decisions in Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79 (2002), and Green Tree Financial Corp. v. Bazzle, 539 U.S. 444 (2003), arguably left it without authority to interpret the forum selection clause. It found more persuasive, however, earlier decisions by courts of appeals holding that the interpretation of forum selection clauses was for the court, not the arbitrator, citing Bear, Stearns & Co. Inc. v. Bennett, 938 F.2d 31 (2d Cir. 1991); Snyder v. Smith, 736 F.2d 409 (7th Cir. 1984), overruled on other grounds by Felzen v. Andreas, 134 F.3d 873 (7th Cir. 1998); McCullough v. Dean Witter Reynolds, Inc., 177 F.3d 1307 (11th Cir. 1999); see also KKW Enter. Inc. v. Gloria Jean's Gourmet Coffees Franchising Corp., 184 F.3d 42 (1st Cir. 1999).[1]

In Howsam, the Court held that the time limit rule governing arbitrations under the rules of the National Association of Securities Dealers was the kind of dispute that did not present a question of arbitrability and was therefore presumptively for the arbitrator. 537 U.S. at 85. The Court explained that under its

---

[1]KKW Enterprises involved an appeal from orders staying arbitration. It did not involve a question of interpretation of a forum selection clause or of the respective powers of the arbitrator and the court.

precedents, "a gateway dispute about whether the parties are bound by a given arbitration clause raises a question of arbitrability for a court to decide." Id. at 84. On the other hand, "the phrase 'question of arbitrability' [is] not applicable . . . [to] 'procedural questions which grow out of the dispute and bear on its final disposition' [and which] are presumptively not for the judge, but for an arbitrator, to decide." Id. (citing John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 557 (1964)). The dispute between the parties in this case over the location of the arbitration raises not a question of arbitrability but a procedural question and is therefore for the arbitrator, not the court.

In Green Tree, a plurality held that the question whether the parties' arbitration agreement forbade the use of class arbitration was for an arbitrator, not a court. 539 U.S. at 447. It reasoned that because the dispute fell within the terms of the arbitration agreement as one "relating to this [arbitration] contract . . . the parties seem to have agreed that an arbitrator, not a judge, would [decide it]." Id. at 445. Similarly, in this case the arbitration agreement states that

> [i]n the event of any disagreement between us in connection with this Agreement, we will meet in good faith to attempt to resolve the disagreement. If we are unable to resolve the disagreement . . . the disagreement will be submitted to arbitration. (Emphasis added.)

Under the reasoning of Green Tree, the disagreement over the interpretation of the so-called forum selection clause is one "in connection with this Agreement" and hence one the parties agreed to

-7-

submit to arbitration. As the Court put it, "if there is any doubt about the matter—about "the 'scope of arbitrable issues'—we should resolve that doubt in favor of arbitration." 539 U.S. at 445 (quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985)).

In Shaw's Supermarkets, this court considered Howsam in the context of a dispute over the consolidation for arbitration of three grievances filed under a collective bargaining agreement. The court said:

> The issue before us is who should make the determination as to whether to consolidate the three grievances into a single arbitration: the arbitrator or a federal court. Since each of the three grievances is itself concededly arbitrable, we think the answer is clear. Under Howsam, this is a procedural matter for the arbitrator.

321 F.3d at 254 (citations omitted). So here. Since the dispute between the parties is concededly arbitrable, determining the place of the arbitration is simply a procedural matter and hence for the arbitrator.

We conclude that the District Court lacked power to interpret the forum selection clause and that the judgment must therefore be vacated. We should stress that the present case concerns only the question whether, after the matter was properly refiled with the Boston Office of the AAA, the AAA could then transfer the matter to California. It is this subsidiary issue which we regard as a matter for the arbitrator. Whether the District Court had authority to intervene to address the

Leventhals' original filing in California is a different issue which has been mooted by the refiling and which we reserve for consideration in a case where it matters. The arbitration can proceed forthwith, and Young can present its arguments concerning the forum selection clause to the arbitrator.

## CONCLUSION

For the reasons stated, we VACATE the judgment of the District Court and REMAND with directions to DISMISS the action.

**VACATED AND REMANDED.**