CERTAIN UNDERWRITERS AT LLOYDS, London, Subscribing to Reinsurance Agreement Numbers R67471, RE2530C, RE1051F and RE1052F, Petitioner—Appellant,

v.

CRAVENS DARGAN & COMPANY, Pacific Coast, Respondent—Appellee.

Nos. 05–56154, 05–56269.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 2006.

Decided Aug. 14, 2006.

Suzanne N. McNulty, Esq., Mendes & Mount, LLP, Los Angeles, CA, for Petitioner–Appellant.

Carter G. Phillips, Esq., Sidley Austin Brown & Wood LLP, Washington, DC, Daniel J. Neppl, Esq., Sidley Austin Brown & Wood LLP, Chicago, IL, Michael A. Rule, Esq., Pepper Hamilton, Irvine, CA, Deborah F. Cohen, Esq., Pepper Hamilton, LLP, Philadelphia, PA, for Respondent–Appellee.

Before: THOMAS and GOULD, Circuit Judges, and SCHWARZER,* District Judge.

## MEMORANDUM **

In these consolidated appeals, Certain Underwriters at Lloyd's London ("Underwriters") appeal two orders of the district court. The first denied Underwriters' petition to compel arbitration and stay arbitration. The second granted Cravens Dargan & Company's ("Cravens Dargan") cross-petition to compel arbitration, ordering Underwriters to appoint a single arbitrator and present their "multiple arbitrations" theory to the single arbitration panel. Underwriters also contend that the district court did not have jurisdiction over the cross-petition, because its jurisdiction over the matter was divested when a notice of appeal from the order denying the petition was filed. We affirm the orders entered by the district court.

Because the parties are familiar with the factual and procedural histories of this case, we do not review them here. We have jurisdiction under 9 U.S.C. § 16. We review the district court's denial of a motion of compel arbitration, like the decision to compel arbitration, de novo. *Bushley v. Credit Suisse First Boston,* 360 F.3d 1149, 1152 (9th Cir.2004). The district court's exercise of subject matter jurisdiction is reviewed de novo. *Natural Res. Def. Council v. Sw. Marine, Inc.,* 242 F.3d 1163, 1166 (9th Cir.2001).

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

## I

We reject Underwriters' contention that the district court lacked jurisdiction over the cross-petition for two reasons. First, Underwriters waived any objection to the district court's jurisdiction over the cross-petition when it filed a response and opposition that made no mention of any obstacles to the jurisdiction of the district court. Although subject-matter jurisdiction cannot be waived, *see Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1068 (9th Cir.2001), we have held that "[t]he divestment rule ... is a rule of judicial economy and not one that strips the district court of subject matter jurisdiction." *Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.,* 309 F.3d 1113, 1121 (9th Cir.2002). Second, the divestment rule applies only to prevent the district court from entering orders or judgments that are inconsistent with the order or judgment being appealed. *Britton v. Co-op Banking Group,* 916 F.2d 1405, 1411–12 (9th Cir.1990). Because the district court's August order was entirely consistent with its prior order, the district court was not divested of jurisdiction.

## II

The Federal Arbitration Act ("FAA") provides that arbitration agreements generally "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2 (2002). It is a settled principle of law that "arbitration is a matter of contract." *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). Under the FAA, courts may only decide "certain gateway matters, such as whether the parties have

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

a valid arbitration agreement at all or whether a concededly binding arbitration clause applies to a certain type of controversy." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002).

■ In this case, Cravens Dargan sent Underwriters an arbitration demand. Both parties agree that there exists a valid agreement to arbitrate, and neither party challenges the validity of either the arbitration provision or the overall agreement. However, Underwriters disputed the arbitration procedure outlined in the Cravens Dargan demand, and sought an order to compel arbitration under a different procedure. Cravens Dargan filed a cross-motion to compel arbitration according to its original demand. The district court denied Underwriters' motion to compel arbitration, and granted Cravens Dargan's motion to compel arbitration, stating simply that:

> There has been no showing that Respondent Cravens Dargan & Company, Pacific Coast has defaulted on its contractual duty to arbitrate. Respondent has initiated arbitration proceedings and the Court declines to set the terms of that arbitration.

We find no error in this determination, which is consistent with *Howsam's* instruction that courts decide gateway issues, but leave procedural issues to the arbitrator. *See Green Tree Fin. Corp. v. Bazzle,* 539 U.S. 444, 123 S.Ct. 2402, 156 L.Ed.2d 414 (2003); *Weyerhaeuser Co. v. W. Seas Shipping Co.,* 743 F.2d 635, 637 (9th Cir.1984). Cravens Dargan made an arbitration demand, which was enforced by the district court. The arbitration is proceeding, with the arbitration procedure left to the arbitrator. Under the circumstances of this case, we see no reversible error in the district court's decision not to establish the terms of the arbitration procedure, but to leave that question to the arbitrator.

AFFIRMED.

GOULD, J., concurring.

I concur in the memorandum disposition. I do so with some misgivings based on the theory of arbitration: Because arbitration is a creature of contract, it is odd that certain underwriters of reinsurance should be considered by us bound to arbitrate before an arbitral panel that was not in any way selected by them. *Green Tree Fin. Corp. v. Bazzle,* 539 U.S. 444, 456, 123 S.Ct. 2402, 156 L.Ed.2d 414 (2003) (Rehnquist, C.J., dissenting) ("Just as fundamental to the agreement of the parties as *what* is submitted to the arbitrator is to *whom* it is submitted."). The Appellants did agree in their reinsurance contract to arbitrate any dispute, and in parallel agreements other aggregations of underwriters, at different levels or times, also agreed to arbitrate. The district court probably viewed the issue of one consolidated arbitration as essentially a "procedural" issue to be decided by an arbitrator, and not as a "gateway" issue of arbitrability to be decided by a court, with the arbitrator empowered to address the issue of consolidation.

I have difficulty with this in light of the contractual nature of arbitration, and the fact that different persons or entities wrote reinsurance covering different levels or times under different contracts, and all are bound initially to arbitrate together. Notwithstanding, I agree that the district court's conclusion should be affirmed. If we wrote on a clean slate I might approach it otherwise, but I conclude that affirmance is supported by the guidance given us by the Supreme Court in *Green Tree Financial Corp. v. Bazzle,* 539 U.S. 444, 123 S.Ct. 2402, 156 L.Ed.2d 414 (2003), and in *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 123 S.Ct. 588, 154 L.Ed.2d 491

(2002), as well as by the holdings of our sister circuits considering analogous issues in *Employers Insurance Co. of Wausau v. Century Indemnity Co.,* 443 F.3d 573 (7th Cir.2006); *Dockser v. Schwartzberg,* 433 F.3d 421 (4th Cir.2006); *Shaw's Supermarkets, Inc. v. United Food and Commercial Workers Union, Local 791, AFL–CIO,* 321 F.3d 251 (1st Cir.2003).