FILED
United States Court of Appeals
Tenth Circuit

December 20, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LODGEWORKS, L.P.,

      Plaintiff-Appellee,

v.

C.F. JORDAN CONSTRUCTION, LLC,

      Defendant-Appellant.

No. 12-3074
(D.C. No. 6:11-CV-01317-KHV-GLR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

C.F. Jordan Construction, LLC ("Jordan") appeals from the district court's

grant of a preliminary injunction in favor of LodgeWorks, L.P. ("LodgeWorks").

The district court enjoined Jordan from arbitrating in a forum other than Wichita,

Kansas and from seeking arbitration in Texas. Because it is predicated on an error of

law, we vacate the order granting a preliminary injunction.[1]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Our jurisdiction derives from 28 U.S.C. § 1292(a)(1).

## I. BACKGROUND

The relevant facts are not in dispute. Briefly, LodgeWorks contracted with Jordan for the design and construction of a hotel in Austin, Texas. About ten months after it was completed, the hotel had to be closed for five months for water remediation, cleaning, and rebuilding of affected areas. LodgeWorks alleged the water infiltration and resulting damages were due to Jordan's design and construction defects.

The parties' contract included the following provisions:

39. Arbitration. All claims, disputes and other matters in question arising out of, or relating to, this Agreement or the breach thereof, shall be decided in Wichita, Kansas by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining, unless the parties mutually agree otherwise. This Agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

. . . .

42. Applicable Law. This Agreement shall be governed by and construed under the laws of the State of Kansas (excluding conflict of laws principles), unless otherwise required by the laws of the state in which the Project is located or otherwise agreed in the Project Addendum for a particular Project.

Aplt. App. at 38 ("Venue Clause" and "Choice-of-law Clause," respectively).

LodgeWorks filed a demand for arbitration with the American Arbitration Association ("AAA") and requested the proceedings be held in Wichita, Kansas. Jordan objected and filed suit in a Texas court to prevent arbitration in Kansas and

the application of Kansas law.[2] Jordan later dismissed the Texas lawsuit and filed an arbitration demand with the AAA seeking arbitration in Texas. Jordan then requested the AAA to consolidate the two arbitrations.

LodgeWorks filed the underlying action seeking a preliminary and permanent injunction to prevent Jordan from arbitrating in a forum other than Wichita, Kansas and from arbitrating in Texas under Texas law. Adopting the recommendation of a magistrate judge, the district court concluded that LodgeWorks had met the requisite four criteria and granted a preliminary injunction "enjoin[ing] [Jordan] from seeking to conduct an arbitration hearing in a forum other than Wichita, Kansas or asking the American Arbitration Association to hold a hearing on this dispute in Texas." Aplt. App. at 256. The district court did not, however, rule on the Choice-of-law Clause, finding LodgeWorks did not attempt to "meet the requirements of a preliminary injunction on the choice of law question." *Id.* at 254 n. 8. On appeal neither party quarrels about the Choice-of-law Clause, so we do not consider it. *Cf. Gray v. Univ. of Colo. Hosp. Auth.*, 672 F.3d 909, 915 (10th Cir. 2012) (holding "[b]ecause plaintiffs have failed to contest in any meaningful way the district court's dismissal of their . . . claims, they have voluntarily foregone any right to further adjudication of those claims").

---

[2]     Jordan invoked a Texas statute it claimed allowed it to void the contract language requiring arbitration. Jordan has abandoned this argument on appeal.

## II.    PRELIMINARY INJUNCTION STANDARDS

The party seeking a preliminary injunction must demonstrate the following four factors weigh in its favor:  "(1) it is substantially likely to succeed on the merits; (2) it will suffer irreparable injury if the injunction is denied; (3) its threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest."  *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009).

## III.    DISCUSSION

Whether the contracting parties "are bound by a given arbitration clause raises a question of arbitrability for a court to decide."  *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) (internal quotation marks omitted).  Here, the parties do not dispute their disagreement is subject to arbitration under the broad arbitration clause in their contract.  Therefore, the question of arbitrability is not before us. Rather, the question presented is whether venue selection is for the court or the arbitrator to decide.

Once an arbitration provision has been resolved in favor of arbitration, "the validity of the remainder of the contract . . . is for the arbitrator to decide."  *Nitro-Lift Techs., L.L.C. v. Howard*, 133 S. Ct. 500, 503 (2012) (per curiam) (holding validity of covenants not to compete was for arbitrator to decide).  "Thus procedural questions which grow out of the dispute and bear on its final disposition are presumptively *not* for the judge, but for an arbitrator to decide."  *Howsam*, 537 U.S.

- 4 -

at 84 (internal quotation marks omitted). Such procedural questions include "whether prerequisites such as time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met." *Id.* (emphasis and internal quotation marks omitted).

Although this circuit has not addressed whether arbitral venue is an issue for the court or the arbitrator, other circuits have done so. The Second Circuit recently held, after determining the dispute was arbitrable, "venue is a procedural issue that [the] arbitrators should address in the first instance." *UBS Fin. Servs. v. W. Va. Univ. Hosps., Inc.*, 660 F.3d 643, 655 (2d Cir. 2011). Similarly, the First Circuit held, "the dispute between the parties is concededly arbitrable, [therefore] determining the place of the arbitration is simply a procedural matter and hence for the arbitrator." *Richard C. Young & Co. v. Leventhal*, 389 F.3d 1, 5 (1st Cir. 2004); *cf. Cent. W. Va. Energy, Inc. v. Bayer Cropscience LP*, 645 F.3d 267, 274 (4th Cir. 2011) (stating dispute over which arbitration panel should decide issues was "far more akin to a venue dispute than a question of arbitrability, and, as such, it [was] appropriate for arbitral resolution"); *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1178 & n.3 (10th Cir. 2007) (stating "the fact that an arbitration was held in an improper venue does not call into question the merits of the award" and noting "venue is a matter that goes to process rather than substantive rights—determining which among various competent tribunals will decide the case" (internal quotation marks and brackets omitted)).

"[T]he relevant question here is what *kind of arbitration proceeding* the parties agreed to. That question does not concern a state statute or judicial procedures. It concerns contract interpretation and arbitration procedures. Arbitrators are well situated to answer that question." *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 452-53, (2003) (plurality opinion) (citation omitted) (addressing "whether the contracts forbid class arbitration"). "The arbitrators [will] presumably enforce the venue-selection clause in precisely the same way that a court would." *McCullagh v. Dean Witter Reynolds, Inc.*, 177 F.3d 1307, 1310 (11th Cir. 1999). Moreover, the arbitration clause contains "sweeping language concerning the scope of the questions committed to arbitration, [so] this matter of contract interpretation should be for the arbitrator, not the courts, to decide." *Green Tree*, 539 U.S. at 453.

The district court erred in holding LodgeWorks was substantially likely to succeed on the merits of its claim that a court, not the arbitrators, would decide venue. Having failed to meet the first criterion of a substantial likelihood of success, LodgeWorks was not entitled to a preliminary injunction and the district court abused its discretion in granting the injunction as to venue for arbitration.[3]

---

[3] LodgeWorks had a heightened burden of showing the traditional four factors weigh heavily and compellingly in its favor, a showing it did not make.

> We review the grant of a preliminary injunction for an abuse of discretion. A district court abuses its discretion if it commits an error of law, or is clearly erroneous in its preliminary factual findings. Further, because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal. Three types of preliminary injunctions are specifically disfavored: (1) preliminary

(continued)

- 6 -

## IV. CONCLUSION

Although the injunction, as written, is vacated, we presume neither party will file additional lawsuits about venue. Claim preclusion "prevents the parties or their privies from relitigating issues that were or could have been raised in an earlier action." *Mitchell v. City of Moore*, 218 F.3d 1190, 1202 (10th Cir. 2000) (internal quotation marks omitted). We also presume the parties will be most circumspect in attempting to foreclose arbitration of the contract provisions regarding choice of law.

The district court's order granting a preliminary injunction, as written, is vacated.

Entered for the Court


Terrence L. O'Brien
Circuit Judge

---

injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits. For these categories of disfavored preliminary injunctions, the movant has a heightened burden of showing that the traditional four factors weigh heavily and compellingly in its favor before obtaining a preliminary injunction.

*Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Horne*, 698 F.3d 1295, 1301 (10th Cir. 2012) (citations omitted) (internal quotation marks and brackets omitted).