**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1805
_____

PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY

v.

NEW ENGLAND REINSURANCE CORPORATION; HARTFORD FIRE
INSURANCE COMPANY


EVEREST REINSURANCE COMPANY
(Intervenor in District Court)

Everest Reinsurance Company,

Appellant


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 1-18-mc-00278)
District Judge: John E. Jones, III

_____

No. 19-1806

PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY

v.

EVEREST REINSURANCE COMPANY (f/k/a Prudential Reinsurance Company)
(M.D. Pa. No. 1-18-mc-00653)

EVEREST REINSURANCE COMPANY

v.

PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY
(M.D. Pa. No. 1-18-mc-00656)

Everest Reinsurance Company,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Judge: John E. Jones, III

_____

Argued on November 13, 2019

Before: AMBRO, KRAUSE, and BIBAS, *Circuit Judges*.

(Opinion filed: December 6, 2019)

Jeffrey S. Leonard [Argued]
Joseph J. Schiavone
Saiber
18 Columbia Turnpike, Suite 200
Florham Park, NJ 07932
        *Attorneys for Everest Reinsurance Company*

Matthew M. Haar
Kenneth W. Mishoe
Saul Ewing Arnstein & Lehr
2 N. Second Street, 7th Floor
Harrisburg, PA 17101

Paul M. Hummer [Argued]
Saul Ewing Arnstein & Lehr
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
        *Attorneys for Pennsylvania National Mutual Casualty Insurance Company*

_____

OPINION[*]

_____

KRAUSE, *Circuit Judge*.

Everest Reinsurance Company appeals two orders from the District Court: an order compelling arbitration before one arbitral panel instead of another and an order denying a motion to unseal. We will affirm the first order and vacate and remand the second.

## Discussion[1]

### A. Cross-Petitions to Compel Arbitration

Because we write only for the parties, our summary of the facts is brief. Everest Reinsurance Company ("Everest") appeals the District Court's order compelling it to submit to a new panel of arbitrators the question of whether its dispute with Pennsylvania National Mutual Casualty Insurance Company ("Penn National") is the same as a previously arbitrated dispute between Penn National and two other reinsurers (the "Hartford Arbitration"). If these two disputes are the same, then, pursuant to the parties' agreement, the disputes would be consolidated and heard by the same panel of arbitrators that decided the Hartford Arbitration. If the disputes are not the same, then they would not

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. "We exercise plenary review over questions regarding the validity and enforceability of an agreement to arbitrate." *Puleo v. Chase Bank USA, N.A.*, 605 F.3d 172, 177 (3d Cir. 2010) (en banc).

be consolidated and a new panel of arbitrators would have to hear Everest's dispute with Penn National.

But both parties agree that whether the two disputes must be consolidated is a "procedural" question that only an arbitrator can answer. *Certain Underwriters at Lloyd's London v. Westchester Fire Ins. Co.*, 489 F.3d 580, 585–87 (3d Cir. 2007) (discussing *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444 (2003) and *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79 (2002)). So our role is limited to determining which panel of arbitrators will answer that question.

Everest argues that the District Court erred when it sent the consolidation question to a new panel of arbitrators instead of the panel that heard the Hartford Arbitration. We disagree and will thus affirm.

Courts faced with motions to compel arbitration must "enforce covered arbitration agreements according to their terms." *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1412 (2019). *See also* 9 U.S.C. § 4 (stating that a party may petition a district court for "an order directing that such arbitration proceed in the manner provided for in [an arbitration] agreement" and "in accordance with the terms of the agreement"); *id.* § 5 ("If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed . . . ."). Here, the parties' agreement provides for a specific method of choosing arbitrators: "Each party shall appoint an individual as arbitrator and the two so appointed shall then appoint a third arbitrator." App. 58. If the arbitrators cannot agree on the third, neutral arbitrator, the contract provides further procedures. And, critical to this appeal, the agreement provides for consolidation

4

of disputes in certain circumstances: "If more than one reinsurer is involved in the same dispute, all such reinsurers shall constitute and act as one party for the purposes of [arbitration] . . . ." *Id.*

By asking us to send the consolidation question to the panel that decided the Hartford Arbitration, Everest invites us to prejudge that question and to disregard the express language of the agreement. But we are bound to enforce the agreement according to its terms and to compel the parties to follow the procedure they agreed to. Because of this, we can only compel arbitration of the consolidation issue before a new panel chosen according to the express terms of the agreement. Consistent with the agreement's terms, the two disputes must be consolidated if and only if: (1) a new panel determines that Everest's dispute is "the same" as the dispute at issue in the Hartford Arbitration, and (2) the panel that decided the Hartford Arbitration is still extant such that it can handle this new dispute. For these reasons, we will affirm the District Court's order compelling arbitration of the consolidation question before a new panel of arbitrators. [2]

### B. Motion to Unseal

Everest also argues that the District Court applied the wrong legal standard in denying its motion to unseal records from the Hartford Arbitration that Penn National

---

[2] This outcome is wholly consistent with our previous decision in *Certain Underwriters*, 489 F.3d at 582–83, and the First Circuit's decision in *Shaw's Supermarkets, Inc. v. United Food and Commercial Workers Union, Local 791*, 321 F.3d 251, 252 (1st Cir. 2003). In both those cases, one party attempted to initiate a consolidated arbitration, and the party resisting arbitration sought a court order compelling non-consolidated arbitration. Therefore, the consolidation issue was actually before the first-formed panel. But here, the first-formed panel had already issued a final award in a non-consolidated arbitration when Penn National sought to arbitrate with Everest.

5

attached to its petition to confirm the award from that arbitration. We exercise plenary review over the District Court's choice of which legal standard to apply to a motion to seal. *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 674 n.8 (3d Cir. 2019).

The District Court's denial of Everest's motion to unseal the records of the Hartford Arbitration was based on its application of the seven factors that we articulated in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787–91 (3d Cir. 1994). However, as the District Court recognized when staying its order pending appeal, our recent decision in *Avandia Marketing* (filed two months after the District Court's initial order) clarified that, for "discovery materials . . . filed as court documents", we apply "the more rigorous common law right of access." 924 F.3d at 670. We will vacate and remand for the District Court to apply *Avandia Marketing* in the first instance.

## Conclusion

For the foregoing reasons, we will affirm the District Court's order compelling arbitration and vacate and remand its order denying the motion to unseal.